## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**SHEQUITA L. JOINER**                                                   **PLAINTIFF**
**ADC #709661**

**V.**                               **NO. 3:23-cv-254-DPM-ERE**

**SHERRY VANNATTAN and**
**TRAVIS ATKINSON**                                              **DEFENDANTS**

### RECOMMENDED DISPOSITION

## I.    Procedure for Filing Objections:

This Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Marshall can adopt this Recommendation without independently reviewing the record.

## II.    Overview:

On December 20, 2023, *pro se* plaintiff Shequita L. Joiner, an Arkansas Division of Correction inmate, filed this lawsuit under 42 U.S.C. § 1983.[1] *Doc. 2.*

---

[1] Ms. Joiner also conclusively states that she asserts a "1981 discrimination claim" and a Title VII claim. *Doc. 2 at 3.* However, the Eighth Circuit has stated that a § 1981 claim may not be brought directly against a state actor but must be brought under § 1983. *Lockridge v. Board of*

Ms. Joiner's complaint alleges that Defendants Sherry Vannattan and Travis Atkinson: (1) wrongfully terminated her from her prison job; (2) violated her equal protection rights; and (3) issued her a false disciplinary.[2] Ms. Joiner sues each Defendant in both his or her individual and official capacity seeking monetary damages.

For the reasons explained below, Ms. Joiner's complaint should be dismissed because she fails to state a plausible constitutional claim for relief.

## III.  Discussion:

### A.    Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual

---

*Trs. of Univ. of Ark.,* 315 F.3d 1005, 1007 (8th Cir. 2003). In addition, Ms. Joiner fails to provide any facts to support a claim under Title VII. See *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, 864 (8th Cir. 2008) (To establish a prima facie case of race discrimination, Ms. Joiner must allege that: (1) she belonged to a protected class; (2) that she was meeting her employer's legitimate job expectations; (3) that she suffered an adverse employment action; and (4) that similarly situated employees outside the protected class were treated differently).

[2] To the extent that Ms. Joiner seeks "to be compensated for defamation of character," any such claim fails. *Doc. 2 at 5*. "[D]efamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976).

allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Ms. Joiner states a plausible claim for relief, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

## B.   Factual Allegations

Ms. Joiner alleges that, on April 29, 2021, while she was working at her prison job, inmate Amber Drain placed a substance referred to as "permaseal" on her table. *Doc. 2 at 6.* Because the smell of the substance began giving another inmate a headache, Ms. Joiner put it in a plastic container. *Id.* She left the container on the table where it remained until the following day.

Defendant Vannattan allegedly accused Ms. Joiner of stealing the permaseal from the tool room. *Id. at 7.* On May 4, 2021, Ms. Joiner received a major

disciplinary. *Id. at 8*. On May 6, Major Harris (a non-party) dismissed the major disciplinary based on insufficient evidence. *Id. at 9*.

Ms. Joiner complains that she was not allowed to return to her prison job, while inmate Drain, who is Caucasian, was only placed on probation. *Id. at 9*.

### C.    Sovereign Immunity

A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Ms. Joiner's claims for money damages from Defendants in their official capacities are barred by sovereign immunity.

### D.    Wrongful Termination

Ms. Joiner alleges that Defendants improperly terminated from her job assignment based on a false disciplinary. However, an inmate does not have a constitutional right to a particular job or classification while in prison. *Sanders v. Norris*, 153 Fed. Appx. 403, 2005 WL 2862952 (8th Cir. 2005); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam). Accordingly, Ms. Joiner's allegations for wrongful termination fail to state a plausible constitutional claim for relief.

### D.    False Disciplinary

The issuance of a false disciplinary, without more, does not rise to the level of a constitutional violation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)

(citing *Freeman v. Rideout*, 808 F.2d 949, 951–52 (2nd Cir. 1986)). Although filing a false disciplinary can violate the Constitution if done in retaliation for exercising a federally protected right, here, Ms. Joiner alleges that Defendant Vannattan issued her the disciplinary at issue because of "what happened between me and another inmate that wasn't work related." *Doc. 2 at 7*. Because Ms. Joiner fails to allege that any Defendant retaliated against her for exercising any federally protected right, she has failed to state a claim regarding the alleged false disciplinary.

### E.    Racial Discrimination

To state a claim of racial discrimination, Ms. Joiner must allege that: (1) she was treated differently from similarly situated inmates; and (2) the different treatment was the result of intentional and purposeful racial discrimination. See *In re Kemp*, 849 F.3d 900, 909 (8th Cir. 2018); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008). An isolated incident of unequal treatment is insufficient to show that an individual was "systematically and intentionally treated differently." See e.g., *Weiler v. Purkett*, 137 F.3d at 1051 ("A few individual examples of unequal treatment are insufficient to provide more than minimal support to an inference of classwide purposeful discrimination."). See also *Thrash v. White*, No. 5:09-CV-00095, 2010 WL 6749181, at *3 (E.D. Ark. Dec. 23, 2010), report and recommendation adopted, No. 5:09-CV-00095, 2011 WL 2110372 (E.D. Ark. May 27, 2011) ("An isolated example of unequal treatment is insufficient to establish that

the difference in treatment was motivated by Plaintiffs' membership in a protected class, or that it burdened a fundamental right.").

Here, Ms. Joiner alleges that a Caucasian inmate was placed on probation based on her alleged involvement in the underlying incident while Ms. Joiner has not been allowed to return to her prison job. Such speculative, conclusory, and unsubstantiated allegations against Defendants are insufficient to state a plausible racial discrimination claim. See *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and, instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

## IV.  <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1.    Ms. Joiner's complaint be DISMISSED, without prejudice, based on her failure to state a plausible constitutional claim for relief.

2.    In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.    The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.    The Clerk be directed to close this case.

Dated 26 January 2024.

UNITED STATES MAGISTRATE JUDGE